# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES EX REL.<br>JUNE HILL & DOES 1-40,<br>    Plaintiff, | Case No. 1:12-cv-479 |
| | Dlott, J. |
| vs | Bowman, M.J. |
| CITY OF CINCINNATI<br>SOLICITOR'S OFFICE, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff June Hill, who resides in Cincinnati, Ohio, has filed a *pro se* complaint under seal alleging violations of the False Claims Act (FCA). (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

2

678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff has filed this action under the FCA as a *qui tam* relator on behalf of the United States, as well as forty "John Doe" drivers of "public vehicles" in Cincinnati, Ohio. (*See* Doc. 1, Complaint, pp. 5-6). Defendants are the City of Cincinnati Solicitor's Office and Cincinnati police officers Dennis M. Zucker, Timothy Lanter and "Officer Does 1-7." (*Id.*, pp. 1, 6-7). In the complaint's "Introduction," plaintiff states in pertinent part:

> The issue at hand is the knowingly fraudulent use of Ohio Revised Code Section 4503.05, Noncommercial Motor Vehicle Use Restriction against City of Cincinnati Public Vehicles better known as taxicabs. All taxicabs in the City are either regular passenger vehicles or various styles of mini vans. None of these public vehicles weighs more than 6,000 pounds or carries more than 15 people at once which eliminates them from the "commercial" designation under Ohio state law.
>
> Defendant officer Zucker decided on his own after consultation with a deputy registrar's office that taxicabs need to carry commercial plates. Without consolation from the prosecutor's office, Defendant Officer Zucker began to profile taxicabs, fraudulently issuing citations under 4503.05 throughout the year 2010. Other officers soon followed his lead, led by Defendant Officer Timothy P. Lanter . . . who bragged to one of his profiling victims, "they were going to change the law."
>
> . . .[T]he officers knew the citations they issued were fraudulent. . . . For every fraudulent citation issued[,] the officers received unjust enrichment in the form of overtime from the general fund of the City of Cincinnati.
>
> The general fund of the City of Cincinnati receives various grant money from the federal government to prevent layoffs of policemen, grants to pay for overtime patrols during the holidays, crime prevention and other law enforcement issues. Every officer[']s pay reflects a percentage of government grant money. Relator assert[s] cause of action under the [FCA] for submission of a knowingly false or fraudulent claims for payment or approval, and knowingly false records or

statements to get a false or fraudulent claim paid or approved. . . .

(*Id.*, pp. 2-4).

Plaintiff also alleges in the substance of the complaint that prosecutors representing the City of Cincinnati "were complicit" in the "scam" initiated by defendant Zucker and followed by defendant Lanter and other officers of ticketing taxicab drivers for failure to comply with the "commercial plate restriction." (*See id.*, pp. 8-9). Specifically, plaintiff states that the prosecutors "failed to notice the citations . . . were not valid and actively sought pleas of [n]o contest, guilty and various plea bargains against the unrepresented public vehicle profiling victims," as well as "obtained multiple pleas to the false charges." (*Id.*). Plaintiff contends that the citations issued against taxicab drivers for "commercial registration violations" constitute "fraudulent claim[s] for unwarranted overtime," and that "[t]he compilation of these fraudulent citations into the police reports and records to submit to the federal government for grants and overtime compensation" violates the FCA. (*Id.*, p. 9).

Plaintiff alleges four causes of action in the complaint. First, she claims that defendants defrauded the United States by "knowingly presenting, or causing to be presented, to one or more officers, employees or agents of the United States . . ., a false and fraudulent claim for payment or approval." (*Id.*, p. 11). Second, she claims that defendants "knowingly made, used or caused to be made or used a false record or statement to get a false or fraudulent [claim] paid or approved by the the United States." (*Id.*, pp. 11-12). Third, plaintiff alleges that defendant Zucker and others have "willfully attempted to harass and intimidate the Plaintiff, June Hill in contravention of the retaliation prohibitions" of the FCA, 31 U.S.C. § 3730(h). (*Id.*, p. 12). In support of that claim, plaintiff alleges that Zucker has engaged in a "verbal harassment campaign

4

of taunting and issuing threats;" has issued fraudulent citations against her that have cost "hundreds of dollars in personal expense;" and in April 2012, removed "the permit that allowed her to operate as a driver" and "threatened other drivers on the taxicab stand (5th and Elm) not to assist [her] or they would receive a citation from him." (*Id.*, p. 10). Finally, as the fourth cause of action, plaintiff seeks declaratory judgment that all tickets and citations "issued by the Defendant officers . . . under Ohio Revised Code 4503.05 against City of Cincinnati public vehicles are null and void and are not a violation of Ohio law;" and that "all guilty pleas, no contest pleas and other agreements made by the City of Cincinnati's prosecutors in Hamilton County Municipal Court should be immediately rescinded as a fraudulent transacation and the funds taken from the Defendants of such cases (Does 1-40) . . . for court costs and fines" be reimbursed to those individuals. (*Id.*, pp. 13-14).

As an initial matter, plaintiff's claims under the FCA are subject to dismissal because this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant. *See, e.g.*, *Maliani v. Vanderbilt Univ. Med. Ctr.*, No. 3:10-0235, 2010 WL 4054268, at *6 (M.D. Tenn. Oct. 15, 2010) (and numerous cases cited therein) (quoting *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.,* 207 F. App'x 731, 732 (7th Cir. 2006), in holding that "a *qui* tam relator–even one with a personal bone to pick with the defendant–sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."); *Carter v. Washtenaw County,* No. 09-14994, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010) (dismissing complaint on screening pursuant to 28 U.S.C. § 1915(e) because the "only potential federal cause of action" was a *qui tam* action under the FCA that could not be brought by a *pro*

*se* relator). Although the FCA does not expressly address whether a private individual can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions. *See, e.g., Jones v. Jindal,* 409 F. App'x 356 (D.C. Cir. 2011) (per curiam); *United States ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92-94 (2nd Cir. 2008) (and cases cited therein); *Timson v. Sampson,* 518 F.3d 870, 873-74 (11th Cir. 2008); *Rogers v. Sacramento Cnty.,* 293 F. App'x 466, 467 (9th Cir. 2008) (citing *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007)); *United States ex rel. Brooks v. Lockheed Martin Corp.,* 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam) (citing *United States ex rel. Lu v. Ou,* 368 F.3d 773, 775-76 (7th Cir. 2004)); *United States v. Onan,* 190 F.2d 1, 6 (8th Cir. 1951).

Similarly, to the extent that plaintiff seeks to bring this action on behalf of forty Cincinnati taxicab drivers, she lacks the qualifications as a *pro se* litigant to represent those other individuals in a class action. *See, e.g., Ziegler v. Michigan,* 90 F. App'x 808, 810 (6th Cir. 2004) ("non-attorneys proceeding pro se cannot adequately represent a class"); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was "plain error" to permit the *pro se* prisoner "to represent his fellow inmates in a class action"); *Herrerra v. Michigan Dep't of Corr.,* No. 5:10cv11215, 2011 WL 3862640, at *6 (E.D. Mich. July 22, 2011) (Report & Recommendation) (and cases cited therein) (denying *pro se* plaintiffs' motions for class certification and the appointment of counsel to represent the "putative class" because (1) the "competence of a layman is clearly too limited to allow him to risk the rights of others;" and (2) the court lacked authority to appoint counsel to represent plaintiffs so that they could pursue

their claims as a class action), *adopted,* 2011 WL 3862390 (E.D. Mich. Sept. 1, 2011).[1]

To the extent that plaintiff has alleged an FCA claim of retaliation under 31 U.S.C. § 3730(h), she is not precluded by her *pro se* status from asserting such a claim because it is not a claim on behalf of the United States government. *Cf. United States ex rel. Brooks*, 237 F. App'x at 803. However, 31 U.S.C. § 3730(h) provides relief from retaliatory actions only in cases where the defendant is the plaintiff's employer who has discriminated against the plaintiff "in the terms and conditions of employment" because of the plaintiff's "lawful acts" in "pursu[ing], investigat[ing] or otherwise contribut[ing] to a *qui tam* action, exposing fraud against the United States government." *Georgandellis v. Holzer Clinic, Inc.,* No. 2:08cv626, 2009 WL 1585772, at *7 (S.D. Ohio June 5, 2009) (quoting *McKenzie v. BellSouth Telecomms., Inc.,* 219 F.3d 508, 513 (6th Cir. 2000)). None of defendants named in this action are plaintiff's employer. *Cf. id.* at *7-8 (for a defendant to be liable under the FCA's whistleblower provision, the defendant "must have had an employment relationship with the plaintiff"). Although plaintiff has alleged that defendant Zucker removed a permit that allowed her to operate as a taxicab driver, which arguably was an action that affected her employment, he did so under authority granted him as a Cincinnati police officer, not as plaintiff's employer. Therefore, plaintiff has not stated an actionable claim of retaliation under the FCA.

Finally, even assuming plaintiff could bring a *qui tam* action on behalf of the United States, plaintiff's allegations are insufficient to state a cause of action under the FCA. To prevail on a claim under the FCA, the plaintiff must show that the defendants (1) "knowingly present[ed], or cause[d] to be presented, to an officer or employee of the United States

---

[1] *See also McGoldrick v. Werholtz,* 185 F. App'x 741, 744 (10th Cir. 2006) (and cases/authorities cited therein); *Ferren v. Norton,* 125 F. App'x 184, 185 (9th Cir. 2005) (and case cited therein).

Government . . . a false or fraudulent claim for payment or approval," or (2) "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)-(B). Plaintiff's allegations pertain to the issuance and prosecution of citations issued to taxicab drivers by Cincinnati police officers for failure to carry commercial license plates. Although plaintiff states that the United States provides funding to the City of Cincinnati to help subsidize law enforcement activities, such as payment for overtime work, plaintiff has alleged no facts even remotely suggesting that the challenged municipal citations and prosecutions have anything to do with a claim submitted to a United States official for payment or approval. Nor do plaintiff's allegations address how the citations and prosecutions were even relevant, much less "material," to the federal government's decision to pay or approve a false claim to the City of Cincinnati.

Accordingly, in sum, the undersigned concludes that plaintiff's claims under the FCA should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. However, construing the complaint liberally, it appears that plaintiff has stated a viable claim of retaliation under 42 U.S.C. § 1983 against defendant Zucker to the extent that plaintiff has alleged facts indicating that after the filing of a related lawsuit against Zucker and others, which is currently pending before this Court, *see June Hill v. City of Cincinnati, et al.,* No. 1:11-cv-830 (Spiegel, J.; Bowman, M.J.),[2] Zucker took retaliatory actions against her which included the removal of a permit that affects her means of employment as a taxicab driver. That one claim of retaliation should be allowed to proceed and consolidated with the earlier filed case.

---

[2]At this juncture, the City of Cincinnati has been dismissed as a defendant in Case No. 1:11-cv-830. However, plaintiff's complaint against Zucker and another Cincinnati police officer is still pending before the Court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint under the FCA be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff should be allowed to proceed on a claim of retaliation under 42 U.S.C. § 1983 against defendant Zucker, but that claim should be unsealed so that it can be consolidated with and considered part of the related case filed by plaintiff against Zucker and others in Case No. 1:11-cv-830 (Spiegel, J.; Bowman, M.J.).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation dismissing plaintiff's FCA claims would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES EX REL.<br>JUNE HILL & DOES 1-40,<br>    Plaintiff, | Case No. 1:12-cv-479 |
| vs | Dlott, J.<br>Bowman, M.J. |
| CITY OF CINCINNATI<br>SOLICITOR'S OFFICE, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc